UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERT SALINAS,<br><br>                              Plaintiff,<br><br>v.<br><br>CHSP SAN DIEGO, LLC, a Delaware Limited Liability Company; CHSP TRS SAN DIEGO, LLC, a Delaware Limited Liability Company; and DOES 1 through 10, inclusive.<br><br>                             Defendants. | Case No.: 21-cv-00292-AJB-KSC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (Doc. No. 10)** |

Pending before the Court is Defendant CHSP San Diego, LLC's ("CHSP") and Defendant CHSP TRS San Diego, LLC's ("TRS") (collectively "Defendants") motion to dismiss for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 10.) Plaintiff Gilbert Salinas ("Plaintiff") filed an opposition to Defendants' motion to dismiss (Doc. No. 13), to which Defendants replied. (Doc. No. 14.) For the reasons set forth below, the Court **GRANTS** Defendants' motions to dismiss. Pursuant to Civil Local Rule 7.1.d.1, the Court finds the instant matter suitable for determination on the papers and without oral argument.

///

# I. BACKGROUND

The following facts are taken from Plaintiff's Complaint for Damages and Injunctive Relief ("Complaint"), and the Court construes those facts as true for the limited purpose of resolving the instant motion. *See Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1247 (9th Cir. 2013).

Plaintiff brings two causes of action for (1) violations of the Americans with Disabilities Act of 1990 ("ADA") and (2) violations of the Unruh Civil Rights Act ("Unruh Act"). (Doc. No. 1-2.) Specifically, Plaintiff alleges Defendants failed to comply with 42 U.S.C. § 12182(b)(2)(A)(ii) and 28 C.F.R. § 36.302(e). (*Id.*)

Plaintiff "is unable to, or seriously challenged in his ability to, stand ambulate, reach objects, transfer from his chair to other equipment, or maneuver around fixed objects." (Doc. No. 1-2 at 5.) Plaintiff planned to travel to San Diego, California, in or around September or October of 2020. (*Id.*) Plaintiff decided to stay at the Hotel Indigo ("Hotel") located at 509 Ninth Ave., San Diego, California. Plaintiff chose the Hotel due to the Hotel's price and location. (*Id.*) To book a reservation at the Hotel, Plaintiff used the Hotel's website. (*Id.*) Defendants own the website reservation system that Plaintiff used. (*Id.*) Upon using Defendants' reservation system, Plaintiff found "insufficient information about the accessible features in the 'accessible rooms' at the Hotel to permit [Plaintiff] to assess independently whether a given hotel room would work for [Plaintiff]." (*Id.*) Plaintiff now brings the instant action against Defendants.

# II. PROCEDURAL HISTORY

Plaintiff originated this action on or about January 14, 2021, as Case No. 37-2021-00001778-CU-CR-NC in the Superior Court of California, County of San Diego. (Doc. No. 1-2.) On or about February 18, 2021, Defendants removed the case to this Court, pursuant to 28 U.S.C. §§ 1331, 1367(a), 1441(a) and (c), and 1446. (Doc. No. 1.) Defendants filed the instant motion on March 25, 2021. (Doc. No. 10.) Thereafter, Plaintiff filed his Opposition and Defendants filed their Reply. (Doc. Nos. 13 & 14.)

///

### III. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a plaintiff's complaint. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "[A] court may dismiss a complaint as a matter of law for (1) lack of cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *SmileCare Dental Grp. v. Delta Dental Plan of Cal.*, 88 F.3d 780, 783 (9th Cir. 1996) (citation omitted). However, a complaint will survive a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In making this determination, a court reviews the contents of the complaint, accepting all factual allegations as true and drawing all reasonable inferences in favor of the nonmoving party. *See Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007). Notwithstanding this deference, a reviewing court need not accept legal conclusions as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It is also improper for a court to assume "the [plaintiff] can prove facts that [he or she] has not alleged." *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). However, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 664.

### IV. REQUESTS FOR JUDICIAL NOTICE

Under Federal Rule of Evidence 201, the court "may judicially notice a fact that is not subject to reasonable dispute" for the following two reasons: (1) "it is generally known within the trial court's territorial jurisdiction," or (2) it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Courts may also "take into account documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012) (internal quotations and citations omitted). Further, a court "may take judicial notice of court filings and other matters of public record." *Reyn's Pasta Bella, LLC*

*v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). As part of its motion and reply briefs, Defendants filed various Requests for Judicial Notice ("RJNs"). (Doc. No. 11.) The Court addresses each of the Defendants' underlying documents.

Th Court **GRANTS** judicial notice of Exhibits 1 and 2 of the RJN. These exhibits are screenshots of the Hotel's website and of "guest room details." Plaintiff cites to this same website in his Complaint. (Doc. No. 1-2 at 5; *see Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010) (affirming judicial notice of information available on websites since "neither party disputes the authenticity of the web sites or the accuracy of the information displayed therein.").) Finally, Plaintiff does not object or otherwise oppose these requests. (*See generally* Doc. No. 13.)

The Court **GRANTS** judicial notice of Exhibits 3 through 9 of the RJN. These exhibits are copies of various orders and pleadings filed in other district court cases in California and the District of Columbia. As with Exhibits 1 and 2, Plaintiff does not object or otherwise oppose these requests. (*See generally* Doc. No. 13.) Ultimately, these documents are matters of public record and readily verifiable, and therefore are the proper subject of judicial notice. Fed. R. Evid. 201(b)(2).

Defendants next request the Court to take judicial notice of Paragraph 10 of the RJN. (Doc. No. 11 at 3 ("Plaintiff Gilbert Salinas filed complaints in the following 29 lawsuits (including this action) in United States District Court for the Northern District of California asserting violations of the Americans with Disabilities Act and the Unruh Civil Rights Act in connection with a hotel's alleged failure to comply with 28 C.F.R. § 36.302(e)").) Plaintiff opposes this request for judicial notice. (Doc. No. 13 at 7–8.) Because these documents demonstrate the existence of other court proceedings and are matters of public record, the Court **GRANTS** Defendants' request for judicial notice. *See* Fed. R. Evid. 201.

## V.   DISCUSSION

Plaintiff brings two causes of action under federal law for (1) violations of the ADA and (2) violations of the Unruh Act.

///

**A. Plaintiff Fails to State a Claim for Violations of the ADA or 42 U.S.C. §§ 12101, et seq.**

Plaintiff heavily relies on 28 C.F.R. § 36.302(e) to show that Defendants failed to comply with the ADA. Section 36.302(e)(1) requires hotels to do the following:

(i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;

(ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service *in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs*;

(iii) Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;

(iv) Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and

(v) Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

28 C.F.R. § 36.302(e)(1) (emphasis added).

In 2010, the Department of Justice provided guidance on 28 C.F.R. § 36.302(e) ("2010 DOJ Guidance"). The Court shows substantial deference towards the 2010 DOJ Guidance while interpreting § 36.302. *See Robles v. Domino's Pizza, LLC*, 913 F.3d 898, 904 (9th Cir. 2019) (citing *Bragdon v. Abbott*, 524 U.S. 624, 646 (1998)), *cert. denied*, 140 S. Ct. 122 (2019) (denying certiorari after *Kisor v. Wilkie*, 139 S. Ct. 2400 (2019)); *Fortyune v. City of Lomita*, 766 F.3d 1098, 1104 (9th Cir. 2014) ("The DOJ's interpretation of its ADA implementing regulations *is entitled to 'controlling weight* unless it is plainly

///

erroneous or inconsistent with the regulation.'") (emphasis added). The 2010 DOJ Guidance states the following:

> The [DOJ] recognizes that a reservations system is not intended to be an accessibility survey. However, specific information concerning accessibility features is essential to travelers with disabilities. Because of the wide variations in the level of accessibility that travelers will encounter, *the [DOJ] cannot specify what information must be included* in every instance. For hotels that were built in compliance with the 1991 Standards, *it may be sufficient to specify that the hotel is accessible and, for each accessible room, to describe the general type of room (e.g., deluxe executive suite), the size and number of beds (e.g., two queen beds), the type of accessible bathing facility (e.g., roll-in shower), and communications features available in the room (e.g., alarms and visual notification devices).* Based on that information, many individuals with disabilities will be comfortable making reservations.
>
> . . .
>
> [O]nce reservations are made, some hotels may wish to contact the guest to offer additional information and services. Or, many individuals with disabilities may wish to contact the hotel or reservations service for more detailed information. At that point, trained staff (including staff located on-site at the hotel and staff located off-site at a reservations center) should be available to provide additional information such as the specific layout of the room and bathroom, shower design, grab-bar locations, and other amenities available (e.g., bathtub bench).

28 C.F.R. Pt. 36 app. A (emphasis added).

Here, Defendants' reservation system informed potential guests (1) that the Hotel is accessible, (2) the types of rooms the Hotel offers, (3) the size and number of beds each room contains, (4) the type of bathing each room offers, and (5) each room's communication features. (Doc. No. 10-1 at 20–22.) Indeed, Plaintiff's Complaint is silent regarding the reservation system failing to inform him of four out of the five aforementioned factors. (Doc. No. 1-2.) Since Plaintiff does not assert that Defendants' website or reservation system failed to inform him of those four factors, the Court will— for purposes of the instant motion—proceed as though Defendants' reservation system adequately informs potential guests about the Hotel's general accessibility, the types of

rooms the Hotel offers, the size and number of beds each room contains, and each room's communication features.

The sole factor listed in the 2010 DOJ Guidance that Plaintiff contends Defendants' reservation system failed to inform him of is the type of bathing each room offers. (Doc. No. 1-2 at 7.) However, Defendants provide evidence showing that the reservation system informs potential guests of "roll in showers[,] handheld shower on hose[,] showers with built in transfer[,] shower seats[,] and rails in the bathroom[.]" (Doc. No. 10-1 at 22.) The 2010 DOJ Guidance provides for the exact language, "roll in showers," that Defendants' website uses. 28 C.F.R. Pt. 36 app. A ("[I]t may be sufficient to specify that the hotel is accessible and, for each accessible room, to describe the . . . type of accessible bathing facility (e.g., *roll-in shower*)") (emphasis added).

For these reasons, Defendants have complied with 28 C.F.R. § 36.302(e). Defendants met 28 C.F.R. § 36.302(e)(1)(ii)'s "enough detail" requirement because their reservation system and website offer information that closely aligns with the 2010 DOJ Guidance. Further, had Plaintiff called the Hotel's staff (which he does not allege he did), no difference would have resulted for purposes of this motion and 28 C.F.R. § 36.302(e). The 2010 DOJ Guidance provides the following: "trained staff (including staff located on-site at the hotel and staff located off-site at a reservations center) should be available to provide additional information such as the specific layout of the room and bathroom, shower design, grab-bar locations, and other amenities available." All of the information the 2010 DOJ Guidance describes was already available to Plaintiff through the Hotel's website and Defendants' reservation system. (Doc. No. 10-1 at 20–22.)

Plaintiff also cites 42 U.S.C. § 12182(b)(2)(a)(ii) in asserting his discrimination claim. (Doc. No. 1-2 at 9.) Under 42 U.S.C. § 12182(b)(2)(a)(ii), discriminatory acts include the following:

> A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such

modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations[.]

42 U.S.C. § 12182(b)(2)(a)(ii).

The Court finds that Plaintiff failed to plead sufficient facts showing a plausible "failure to make reasonable modifications in policies . . . or procedures, when such modifications are necessary to afford such goods [and] services . . . to individuals with disabilities," which a violation of the ADA would necessitate. 42 U.S.C. § 12182(b)(2)(a)(ii). Defendants' screenshots show a close adherence to the 2010 DOJ Guidance—guidance which this Court shows substantial deference to. (Doc. No. 10-1 at 20–22.) While Plaintiff's Complaint alleges that Defendants failed to identify and describe "a handful of features" that "the vast majority of wheelchair users" need (Doc. 1-2 at 6), Plaintiff's Complaint also fails to account for the information readily available through the Hotel's website and Defendants' reservation system. For example, Plaintiff wishes to know whether his wheelchair could fit through the Hotel's doorways (*Id.*), but the Hotel provides that information to potential guests on the Hotel's website. (Doc. No. 10-1 at 20–22.) Further, Plaintiff wishes to know about bathing accessibility, but as described previously, that information was available to Plaintiff. (Doc. No. 10-1 at 22.) Finally, the Hotel offers a phone number in case potential guests find the information on the Hotel's website to be ambiguous. (Doc. No. 10-1 at 22.) This option provided by the Hotel to potential guests is aligned with the 2010 DOJ Guidance. 28 C.F.R. Pt. 36 app. A ("[T]rained staff (including staff located on-site at the hotel and staff located off-site at a reservations center) should be available to provide additional information such as the specific layout of the room and bathroom, shower design, grab-bar locations, and other amenities available[.]").

This Court finds no plausible claim of discrimination, as defined by 42 U.S.C. § 12182(b)(2)(a)(ii), against Defendants within Plaintiff's Complaint. Thus, this claim is **DISMISSED WITHOUT LEAVE TO AMEND.**

### B. Plaintiff Fails to State a Claim for Violations of the Unruh Act.

As this Court dismissed Plaintiff's ADA claims, Plaintiff no longer possesses

sufficient facts to allege a plausible predicate violation of the Unruh Act. (Doc. No. 1-2 at 11 ("Defendants' acts and omissions . . . violated the Unruh Act by, inter alia, failing to comply with the ADA.") No part of Plaintiff's allegations indicates that there is a violation of the Unruh Act that is independent from the ADA. (*Id.*) As a result of the Court's dismissal of Plaintiff's ADA claim, Plaintiff's Unruh Act claim is **DISMISSED WITHOUT LEAVE TO AMEND**.

## VI.   CONCLUSION

In sum, the Court **GRANTS** Defendants' motion to dismiss for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). Given that Plaintiff fails to state a claim, the deficiencies in pleading cannot be cured with facts consistent with the original complaint. Thus, this Court grants Defendants' motions to dismiss without leave to amend.

**IT IS SO ORDERED**.

Dated: October 4, 2021

Hon. Anthony J. Battaglia
United States District Judge